FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MAR 2 - 2009

DAVID J MALAND, CLERK
BY
DEPUTY _Cal Mcmui_

| | | |
|---|---|---|
| RANDALL DUGAS | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _1:09CV219_ |
| | § | |
| LARRY LEON BURKS | § | **JURY TRIAL DEMANDED** |

## DEFENDANTS PACER TRANSPORT, INC. AND LARRY LEON BURKS' ORIGINAL ANSWER

TO THE COURT:                                   Judge Crone

COME NOW PACER TRANSPORT, INC. and LARRY LEON BURKS, Defendants to answer Plaintiffs' First Amended Original Petition as follows:

I.      DEFENDANTS are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph I as to the residency of Plaintiffs.  The remainder of Paragraph I of Plaintiffs' First Amended Original Petition is admitted.

II.      DEFENDANTS admit that venue is proper in Orange County pursuant to Section 15.002 of the Texas Civil Practice Code.  However, DEFENDANTS also contend this matter is removable to Federal Court based on diversity of citizenship under 28 U.S.C. Section 1332(a).

III.      DEFENDANTS neither admit nor deny Paragraph III of Plaintiffs' First Amended Original Petition.

IV.      At this time, DEFENDANTS are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph IV of Plaintiffs' First Amended Original Petition. DEFENDANT PACER admits LARRY LEON BURKS was a driver for DEFENDANT PACER on or about February 3, 2007. The remainder of Paragraph IV of Plaintiffs' First Amended Original Petition is denied.

-1-

V.    DEFENDANTS deny in its entirety Paragraph V of Plaintiffs' First Amended Original Petition.

VI.    DEFENDANTS deny in its entirety Paragraph VI of Plaintiffs' First Amended Original Petition.

VII.    DEFENDANTS are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph VII of Plaintiffs' First Amended Original Petition, and therefore it is denied in its entirety.

VIII.    DEFENDANTS are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph VIII of Plaintiffs' First Amended Original Petition, and therefore it is denied in its entirety.

IX.    DEFENDANTS are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph IX of Plaintiffs' First Amended Original Petition, and therefore it is denied in its entirety.

X.    DEFENDANTS deny that Plaintiffs are entitled to seek or to recover the damages set forth in the Paragraph following Paragraph IX that begins "wherefore".

## XI.  AFFIRMATIVE DEFENSES

a.    In the alternative, and without prejudice to the foregoing, DEFENDANTS affirmatively plead Plaintiffs' injuries and damages, if any, were proximately caused, in whole or in part, by the comparative responsibility of Plaintiff, RANDALL DUGAS.

b.    In the alternative, and without prejudice to the foregoing, DEFENDANTS affirmatively plead Plaintiffs' injuries and damages, if any, were proximately caused, in whole or in part, by a third-party over whom DEFENDANTS have no control and for whom DEFENDANTS have no responsibility.

-2-

c. In the alternative, and without prejudice to the foregoing, DEFENDANTS affirmatively plead Plaintiffs' injuries and damages, if any, were the result of the preexisting conditions of Plaintiff, RANDALL DUGAS.

d. In the alternative, and without prejudice to the foregoing, DEFENDANTS affirmatively plead Plaintiffs' injuries and damages, if any, were the result of an "unavoidable accident" as that term is known in the law and DEFENDANT LEON BURKS was reacting to a sudden emergency.

e. In the alternative, and without prejudice to the foregoing, DEFENDANTS affirmatively plead the actions of Plaintiffs against DEFENDANTS are barred by the two year statute of limitations.

f. In the alternative, and without waiving the foregoing, DEFENDANTS affirmatively plead that Plaintiffs' injuries were caused by the Plaintiffs' own failure to mitigate their injuries and damages.

g. In the alternative, and without waiving the foregoing, DEFENDANTS affirmatively plead recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendants PACER TRANSPORT, INC. and LARRY LEON BURKS pray that Plaintiffs take nothing by reason of this suit, Defendants be discharged and they go hence with their costs, without day, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themseles justly entitled to receive.

-3-

Respectfully submitted,

**BURCK, LAPIDUS & LANZA, P.C.**

By: _____

H. MARK BURCK
State Bar No.: 03362700
5177 Richmond Avenue, Suite 850
Houston, Texas 77056
(713) 400-6000 - Telephone
(713) 622-8054 - Facsimile

ATTORNEYS FOR DEFENDANTS,
PACER TRANSPORT, INC. and
LARRY LEON BURKS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been forwarded to all interested parties on this 27TH day of February 2009 by Certified Mail, Return Receipt Requested, facsimile and/or hand delivery to:

Pat McGinnis
470 Orleans, Suite 950
Beaumont, Texas 77701

_____

H. MARK BURCK